IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MELVIN SMITH, #204 766,      )
                                  )
     Plaintiff,           )
                                  )
v.                           )     CIVIL ACTION NO. 2:16-CV-908-WKW
                                  )           [WO]
PHIL BRYANT, EXECUTIVE    )
DIRECTOR, *et al.*,         )
                                  )
     Defendants.       )

## RECOMMENDATION OF THE MAGISTRATE

Plaintiff Melvin Smith filed this 42 U.S.C. §1983 complaint while incarcerated at the Easterling Correctional Facility in Clio, Alabama. He alleges Defendants violated his constitutional rights during his parole consideration hearing in May of 2016. Specifically, Smith alleges the defendant parole board members lacked authority to deny him parole because they had not been properly confirmed by the Alabama legislature. Smith further alleges Defendants relied on false information in his pre-sentence report to deny him parole which violated his due process and equal protection rights. The named defendants are the State of Alabama Board of Pardons and Paroles (the "Board"), Executive Director of the Alabama Board of Pardons and Paroles Phil Bryant, and Alabama Board of Pardons and Paroles members Lynn Head, Eddie Cook, Jr., and Cliff Walker.[1] Smith seeks to be reconsidered for a parole hearing before parole board members properly confirmed by the Alabama Legislature, that members of the Board consider him for parole without reliance on false information,  and that they accept the recommendation of the Circuit

---

[1] Smith also named former Governor Robert Bentley as a defendant. Doc. 1. By order entered April 11, 2017,  the court dismissed Smith's complaint against Governor Bentley. *See* Docs. 10, 12.

Judge for Russell County, Alabama, the District Attorney for Russell County, and the victim that there is no opposition to his early release.  Docs. 1, 6.

When Smith filed this action, he was an inmate in the custody of the Alabama Department of Corrections. Since filing the complaint, however, Smith has been released from custody.  *See* Doc. 36. Based on Smith's complaint, amendment thereto, and the specific relief sought, the undersigned concludes this action is due to be dismissed as moot.

## I. DISCUSSION

Courts do not sit to render advisory opinions.  *North Carolina v. Rice*, 404 U. S. 244, 246 (1971).  Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "Cases" and  "Controversies." U.S. Const. Art. III, 2; *Mingkid v. U.S. Att'y Gen*., 468 F.3d 763, 768 (11th Cir. 2006). An actual controversy must exist when the case is pending.  *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974); *see Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (quotation marks and citation omitted) ("The doctrine of mootness derives directly from the case-or-controversy limitation because an action that is moot cannot be characterized as an active case or controversy.").

In *Smith v. Allen,* 502 F.3d 1255, 1267 (11th Cir. 2007),  *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011), the court noted:

> [t]he general rule . . . is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief. The reason for this rule is that injunctive relief is a prospective remedy, intended to prevent future injuries, . . . and, as a result, once the prisoner has been released, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained.

(quotation marks and citations omitted). Thus, where the only relief requested is injunctive or declaratory, it is possible for events subsequent to filing the complaint to make the matter moot. *National Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 350  (D.C. Cir. 1997) (change

in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz*, 554 F.2d 22, 23 (2d Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen*, 392 U.S. 83, 95 (1968) (finding that "no justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by developments" subsequent to filing of the complaint). Federal courts may not rule upon questions hypothetical in nature or which do not affect the rights of the parties. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." *Tucker v. Phyfer*, 819 F.2d 1030, 1034 (11th Cir. 1987). Because mootness is jurisdictional, dismissal is required when an action is moot as a decision in a moot action would be an impermissible advisory opinion. *Al Najjar*, 273 F.3d at 1336.

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the court determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted).

"Equitable relief is a prospective remedy, intended to prevent future injuries." *Adler v. Duval County School Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id.*; *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (quotation marks and citation omitted) (holding that "[l]ogically, a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past.").

Here, Smith's ultimate objective in filing this action was to be rescheduled for a parole hearing before "(2) [board] members [ ] properly confirmed by the Alabama legislature," that such consideration be conducted without reliance on allegedly false information in his pre-sentence report, and that the Board accept the recommendation from the trial judge, the prosecutor, and the victim of his crime that there is no opposition to his early release.  Docs. 1, 6. Smith, however, has since been released from custody, and there is no longer a case or controversy to litigate.  *United States ex rel. Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984) (holding that challenge to parole regulation mooted by release on parole as a favorable decision would not entitle petitioner to any additional relief); *Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir. 1986) (holding that appeal from denial of habeas petition challenging determinations that delayed inmate's parole date was moot where inmate had been released on parole and there was no allegation of continuing adverse consequences); *see also Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (*citing Graham*) (holding that habeas petition challenging prison disciplinary infraction moot after petitioner's release).  In light of the foregoing, the court finds Smith's case is moot. Because there is no present case or controversy to support the court's jurisdiction over Smith's claims against the named defendants, this matter is due to be dismissed without prejudice for lack of jurisdiction.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint be DISMISSED without prejudice for lack of jurisdiction;

2.  No costs be taxed.

The Clerk is DIRECTED to take all necessary steps to amend the court docket to reflect that the State of Alabama Board of Pardons and Paroles is a named defendant.

It is further

ORDERED that **on or before December 2, 2019**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 18th day of November 2019.

    /s/    Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE